**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Favian Alphonso Hayes, Appellant.

Appellate Case No. 2009-129706

———————————

Appeal From Sumter County
Howard P. King, Circuit Court Judge

———————————

Unpublished Opinion No. 2018-UP-025
Submitted November 6, 2017 – Filed January 17, 2018

———————————

**AFFIRMED**

———————————

Appellate Defenders Lara Mary Caudy and John Harrison Strom, both of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Deputy Attorney General David A. Spencer, both of Columbia, and Solicitor Ernest Adolphus Finney, III, of Sumter, for Respondent.

———————————

**PER CURIAM:** Appellant Favian Alphonso Hayes appeals his guilty plea to armed robbery, conspiracy, and drug possession. Hayes argues he did not freely,

voluntarily, and intelligently plead guilty because the plea court improperly denied his motion to relieve counsel based on an alleged conflict of interest.

We find Hayes's appellate argument unpreserved because he makes a different argument on appeal than he made during the plea hearing.[1] *See Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the [circuit court] to be preserved for appellate review."); *State v. Carlson*, 363 S.C. 586, 597, 611 S.E.2d 283, 288 (Ct. App. 2005) (explaining a party "may not argue one ground below and another on appeal" (quoting *State v. Adams*, 354 S.C. 361, 380, 580 S.E.2d 785, 795 (Ct. App. 2003))); *id*. at 595–96, 611 S.E.2d at 288 (noting "constitutional arguments are no exception to the error preservation rule").

During the plea hearing, Hayes's argument focused on plea counsel's carelessness in allowing a third party to temporarily obtain possession of photographs from Hayes's discovery materials. Hayes also made vague assertions that plea counsel lacked interest in his case. However, on appeal, Hayes's argument that plea counsel had a conflict of interest focuses on plea counsel's former representation of that third party who was a potential witness for the State against Hayes. At no time during the plea hearing did Hayes argue plea counsel had a conflict of interest due to his former representation of the third party. Thus, because Hayes makes a different argument on appeal than he made during the plea hearing, his appellate argument is unpreserved.

Additionally, to the extent the plea court noted plea counsel's former representation of the third party, the short colloquy between the plea court and plea counsel was

---

[1] This case has an extensive procedural history. Initially, this Court dismissed Hayes's direct appeal due to plea counsel's failure to file a guilty plea explanation as required by Rule 203(d)(1)(B)(iv), SCACR. Hayes then pursued an unsuccessful post-conviction relief (PCR) action. Following the conclusion of his PCR action, Hayes filed a petition for a writ of habeas corpus with the federal district court. The district court adopted the magistrate court's report and recommendation to grant the writ of habeas corpus. The district court found Hayes was entitled to a direct appeal and ordered our supreme court to restore his direct appeal rights. Importantly, the district court did not make any findings regarding the merits of Hayes's direct appeal issues. Thus, the posture of this appeal is as if Hayes had successfully perfected his direct appeal following his guilty plea, and all of our procedural rules, including issue preservation, are applicable.

inadequate to preserve Appellant's argument on appeal. When the plea court sua sponte inquired whether there was a conflict of interest due to plea counsel's former representation of the third party, plea counsel conceded there was no conflict. Appellant did not object to plea counsel's concession. Thus, to the limited extent this issue was discussed with the plea court, we find Appellant conceded the issue. *See State v. Gilmore*, 396 S.C. 72, 84, 719 S.E.2d 688, 694 (Ct. App. 2011) (explaining an issue conceded in the circuit court cannot be argued on appeal). Furthermore, a trial court's sua sponte recognition of a potential issue and subsequent conclusion, without objection, that no problem existed is not enough to preserve an issue for appellate review. *See I'On, L.L.C. v. Town of Mt. Pleasant*, 338 S.C. 406, 422, 526 S.E.2d 716, 724 (2000) (noting "the long-established preservation requirement that the losing party generally must both present his issues and arguments to the [circuit] court and obtain a ruling before an appellate court will review those issues and arguments"). Accordingly, we affirm Appellant's guilty plea because his appellate argument is unpreserved.

**AFFIRMED.**[2]

**WILLIAMS, THOMAS, and MCDONALD, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.